(No. 75-770—

JOHN A. STEVENS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 8, 1977.*

CONKLIN, LEAHY & EISENBERG, by DANIEL J. LEAHY, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES STOLA, Assistant Attorney General, for Respondent.

POLOS, C. J.

Claimant John A. Stevens has brought this action to recover back wages allegedly due him for the period during which he was discharged by the Illinois Bureau of Investigation.

It appears that on July 27, 1971, Claimant was discharged from his position as a squad leader with the Illinois Bureau of Investigation after being suspended on June 23, 1971. He demanded a hearing before the Civil Service Commission on July 10, 1971, which hearing was held in September, 1971. On December 8, 1971 the Civil Service Commission entered an order discharging Claimant from the Illinois Bureau of Investigation.

Claimant appealed that ruling to the Circuit Court of Cook County. On July 6, 1972, the Honorable Edward Healy entered an order directing that Claimant be reinstated to his last held position with the Illinois Bureau of Investigation. That order was appealed by Respondent to the Illinois Appellate Court which on April 11, 1974, affirmed the order of the Circuit Court. Thereafter, Respondent filed a petition for leave to appeal to the Illinois Supreme Court, but leave to appeal was denied on or about September 27, 1974.

Claimant was reinstated to his former position with the Illinois Bureau of Investigation on November 1, 1974.

Claimant seeks the sum of $39,879.36 in damages, representing the back salary he would have earned less monies he actually earned from other sources during the period of his discharge. Claimant also seeks an award of interest on the amount of his claim.

Respondent has stipulated that the sum of $39,879.36 is the amount of Claimant's back salary, less amounts earned by him during the period of his discharge. Respondent contends, however, that Claimant did not do all in his power to mitigate his damages, and that this Court is without jurisdiction to award interest on Claimant's recovery.

The hearing herein was accordingly limited solely to the question of whether Claimant properly mitigated his damages. Claimant testified that he had extensive administrative experience in law enforcement, particularly in narcotics work. He had been employed by the Illinois Bureau of Investigation until July, 1971, when he was suspended and was subsequently reinstated on November 1, 1974.

Claimant testified that he was unemployed from July, 1971, to December 31, 1971, and had not sought employment during that period. In January, 1972, he contacted an employment agency called "Executive Careers Incorporated" but did not retain the firm because they wanted $1,500 as an application fee. He then went to another employment agency called "Interviewing Dynamics, Incorporated" and paid them a fee of $500 as a retainer. He said that the agency mailed one hundred copies of his resume to various companies and placed an ad for him in the Wall Street Journal. He received no response to his resumes or the ad.

On April 17, 1972, he applied without success for jobs with Oak Security Company in Milwaukee, Wiscon-

sin, and Xerox Corporation. In July, 1972, Claimant unsuccessfully applied for teaching positions in the law enforcement programs at the University of Illinois and Joliet Junior College. He said he was denied a position at Joliet Junior College because he was under suspension from his job with the Illinois Bureau of Investigation.

In July, 1972, Claimant worked as an investigator for a law firm on a per diem basis, earning $625. In August, 1972, he went to work for J & R Security Co. of Joliet, Illinois, earning $1.90 per hour as a security guard. He worked there until October 30, 1972, when he took a job with a detective agency. He remained with the detective agency for a period and then worked on a series of security jobs until he was reinstated by the Illinois Bureau of Investigation in November, 1974.

Claimant further said that he thought his inability to find employment was connected with his suspension which had been publicized in the newspaper. He further testified that Mitchell Ware, the head of the I.B.I., had told him at the time of his suspension that he would see to it that Claimant never again got a job in law enforcement.

This Court has long held that a Civil Service employee who is wrongfully discharged and subsequently reinstated to the position by a court of competent jurisdiction is entitled to receive the salary he would have received were it not for the wrongful discharge. *Ryan v. State,* 26 Ill.Ct.Cl. 117. We have also held however that in such a case the Claimant must do all in his power to mitigate his damages and if he has not done so, it is the function of the Court of Claims to determine the reasonable amount of the damages which should have been mitigated. *Stephanites v. State,* 22 Ill.Ct.Cl. 453.

We think that Claimant did all that he reasonably could have done to mitigate his damages during the period of his discharge. Claimant received a written opinion from the Civil Service Commission on January 4, 1972, dated December 8, 1971, discharging him from the I.B.I. Thereafter he worked at numerous jobs and made continuous efforts to obtain employment. The Court feels that he acted properly and in good faith to mitigate his damages.

Claimant contends that he should be awarded interest on his award at the rate of 5% per annum, pursuant to Ill.Rev.Stat., Ch. 74, §2, which provides:

> Creditors shall be allowed to receive at the rate of (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advance for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment.

We do not consider the foregoing statue to have any applicability to claims against the State. Claimant's request for an award of interest is therefore denied.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of Thirty-Nine Thousand Eight Hundred Seventy-Nine and 36/100 Dollars ($39,879.36) subject to the appropriate deductions and contributions for Social Security, retirement fund and withholding tax payments.