158

(No. 78-CC-1044– )

MOLINE HEATING & CONSTRUCTION COMPANY, Claimant, *v.* THE
STATE OF ILLINOIS, Respondent.

*Order filed July 8, 1981.*

*Order on denial of motion for reconsideration filed September 21, 1981.*

BOZEMAN, NEIGHBOUR, PATTEN & NOE, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E.
WEBBER, Assistant Attorney General, of counsel), for
Respondent.

POCH, J.

This is an action, brought by Moline Heating & Construction Company based on a contract to furnish mechanical work in connection with construction of a
dietary building at the East Moline State Hospital, East
Moline, Illinois. The contract was dated May 29, 1968,
and expressly incorporated a letter-written by Claimant
and dated May 20, 1968. The Claimant seeks cancellation
charges as set forth in said letter.

Claimant filed an action in this Court during the
month of October 1971, as Claim No. 6312, which was
dismissed on motion of Respondent, on the theory that
the Court had no jurisdiction for the reason that IBA was
a "body corporate and politic."

Claimant then proceeded to file suit in the circuit

court of Cook County, as Cause No. 72 Ml-134382, and subsequent thereto, on March 22, 1974, judgment was entered in favor of Claimant and against IBA in the amount of $12,664.59, which said sum included the amount of $10,349.00 in cancellation charges together with the further sum of $2,315.59 as interest, assumedly to the date of judgment. Subsequent thereto, on August 27, 1974, IBA made a partial payment of $6,000.00 towards satisfaction of said judgment and no further payments were ever made.

Thereafter the Court having held that IBA was a State agency and, therefore, within the jurisdiction of the Court of Claims, Claimant again moved to assert its claim in the Court of Claims, setting out its claim under two separate counts.

Count I is based on the judgments entered in the circuit court of Cook County, which, with interest added on the unpaid balance up to and including March 5, 1980, and after allowance of the sum of $6,000.00 previously paid on said judgment, amounts to the sum of $9,258.67.

Count II is based on the theory that the IBA had a contractual obligation as hereinbefore recited and seeks damages in the amount of $8,841.99, which include interest to March 5, 1980, computed at the rate of 5% per annum, pursuant to section 2 of "An act in relation to the rate of interest and other charges" (Ill. Rev. Stat., ch. 74, par. 2), which provides for recovery of interest.

The first issue is what effect, if any, the judgment rendered in the circuit court of Cook County, has on this Court. *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, was also a contract action against the IBA. That case was also tried in the

circuit court of Cook County and a judgment was entered against the defendant. The appellate court held that the circuit court lacked jurisdiction and therefore the judgment entered therein was a nullity. Likewise, in the instant case, the judgment entered in the circuit court of Cook County was rendered by a court without jurisdiction and was a nullity and held for nought.

Turning to count II of Claimant's complaint, the Court finds in favor of the Claimant. The IBA agreed to pay a total of $10,349.00 if it did not exercise certain options. There is no question these options were not exercised. The Respondent has previously paid $6,000.00 leaving an outstanding balance of $4,349.00 and an award is entered in said amount.

In response to Claimant's request for prejudgment interest pursuant to section 2 of "An act in relation to the rate of interest and other charges" (Ill. Rev. Stat., ch. 74, par. 2), it has been consistently held that the foregoing statute has no application to claims against the State. (*Stevens v. State*, 31 Ill. Ct. Cl. 519; *Fruin Colnon Contracting Co. v. State*, 26 Ill. Ct. Cl. 138.) Claimant's request for an award of interest is therefore denied.

Claimant is hereby awarded the sum of four thousand three hundred forty nine ($4,349.00) dollars.

## ORDER ON DENIAL OF MOTION FOR RECONSIDERATION

Poch, J.

This cause comes to be heard on the motion of Respondent for reconsideration of the Court's order of July 8, 1981, Claimant having filed its response to Respondent's request for reconsideration, due notice having

been given, and the Court being fully advised in the premises hereby;

The Court having reviewed the briefs of the parties finds no basis to reconsider the order of July 8, 1981.

It is hereby ordered that Respondent's motion for reconsideration of the order of July 8, 1981, be and the same is hereby denied.